

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-09-00232-CR

———————————————

DOYLE LEE MCCRARY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th Judicial District Court
Houston County, Texas
Trial Court No. 09CR-046

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

In a single jury trial, Doyle Lee McCrary was tried and convicted,[1] and his punishment was assessed, for aggravated assault with a deadly weapon, injury to an elderly person, and aggravated robbery, arising from his role in the botched attempt to steal thousands of dollars from Hollis Ellis, an elderly person, who was repeatedly struck in the head with a hammer by Rebecca Cleveland on December 9, 2008.[2] We affirm the judgment of the trial court because McCrary's convictions do not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution[3] and because McCrary was not entitled to the inclusion of certain purported lesser-included offenses in the charge of the court.

## I. FACTS AND PROCEDURAL POSTURE

In a multi-count indictment, McCrary was charged with aggravated assault with a deadly weapon, injury to an elderly person, and aggravated robbery, committed against the same victim on the same date. The jury charge authorized the jury to convict McCrary of all three offenses, which it did. The jury assessed punishment at fifteen years' imprisonment in the Texas Department of Corrections–Institutional Division—for the aggravated assault conviction, thirty

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]McCrary was charged under the law of parties; by acting with intent to promote the commission of the listed offenses, McCrary was found to have solicited, encouraged, directed, aided, or attempted to aid Rebecca Cleveland in committing these offenses. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003).

[3]U.S. CONST. amend. V.

years' imprisonment for the injury to an elderly person conviction, and twenty-five years' imprisonment for the aggravated robbery conviction. All sentences are to run concurrently. McCrary contends on appeal that he could not be punished for all three offenses consistent with the Fifth Amendment prohibition against double jeopardy. He further contends the trial court erred in failing to submit certain lesser-included charges to the jury for consideration.

The evidence at trial showed that during the afternoon hours of December 9, 2008, Eric Cleveland and his wife, Rebecca, along with McCrary, traveled to Ellis' home in Houston County, Texas, with the intention of robbing Ellis of the thousands of dollars he was known to routinely carry in his pants pocket. The three planned the robbery the preceding day, and determined that Rebecca would hit Ellis with a hammer she had hidden in the sleeve of her pullover jacket, take his money, and leave.[4] McCrary was to attack Jimmy Lenox[5] if he got in the way and Cleveland was to act as a lookout and drive the car. As they arrived at Ellis' house, McCrary grabbed the hammer and told Rebecca to hit Ellis with it, but not to kill him. Rebecca told Lenox, who answered the door, that she was having car trouble and asked him to go out and take a look at it.

Once outside, Lenox saw Cleveland and McCrary, who was wearing a bandana around his face. After McCrary (who knew Lenox and Ellis) explained it was a joke, Lenox proceeded to check the car for problems. Meanwhile, inside the house, Rebecca approached

---

[4]In her initial statement to law enforcement, Rebecca indicated that the plan was to proposition Ellis for sex and take his money. Rebecca's final statement to law enforcement did not involve any sexual favors; it involved taking money directly from Ellis.

[5]In December 2008, Lenox lived with Ellis.

3

eighty-one-year-old Ellis and asked for money. When Ellis stated that he did not have any money, Rebecca retrieved a hammer from under her shirt, fell in Ellis' lap, and beat him in the head with the hammer. Here, the testimony differs. According to Ellis, he caught the hammer and she ran from the house. According to Cleveland, who entered the house when he heard Ellis shout for help, he grabbed his wife's wrist and pulled her out of the house. When they saw Lenox approach with a gun, the three ran from the house and sped away in the car in which they arrived—one that had no problems, according to Lenox. Even though Lenox fired on the car as the three made their getaway, they were able to escape without injury. Each of the three were arrested a short time later for the actions committed on that December afternoon. Ellis was hospitalized in the intensive care unit of the local hospital overnight, but recovered from his injuries and testified at trial.

## II.     ANALYSIS

### A.     Double Jeopardy

The indictment contained three counts accusing McCrary of aggravated assault with a deadly weapon[6] (count one), injury to an elderly person[7] (count two), and aggravated robbery[8]

---

[6]Count one of the indictment charges that McCrary did then and there:

> Intentionally, knowingly, or recklessly cause serious bodily injury to Hollis Ellis by hitting him in the head, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a hammer, during the commission of said assault.

[7]Count two of the indictment charges that McCrary did then and there:

> Intentionally or knowingly cause serious bodily injury to Hollis Ellis, an individual 65 years of age

4

(count three). McCrary made no objection at trial regarding the submission of each of the three counts to the jury, and all counts were therefore submitted. The jury convicted McCrary on each count. On appeal, McCrary claims all three charges are the result of conduct-oriented behavior, and allege the same act, the same injury, and the same individual, thus violating the protections afforded by the Double Jeopardy Clause of the Fifth Amendment.

While McCrary did not raise his double jeopardy claim in the trial court, under certain circumstances, a double jeopardy claim may be raised for the first time on appeal when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serve no legitimate state interests. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

The Fifth Amendment guarantee against double jeopardy protects against a second prosecution for the same offense following conviction, a second prosecution for the same offense following an acquittal, and against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006). McCrary invokes the third of these protections. For convictions involving multiple punishments for the same offense, the double jeopardy violation is clearly apparent on the face of the record

---

or older, by hitting him in the head with a hammer.

[8]Count three of the indictment charges that McCrary did then and there:

> While in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Hollis Ellis, a person 65 years of age or older, by hitting him with a hammer.

when the record affirmatively shows multiple punishments resulting from the commission of a single act that violated two separate penal statutes, one of which is subsumed in the other. *See Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991). Because it is apparent that McCrary's convictions are based on the same conduct, if there is a double jeopardy violation, it is apparent on the face of the record. *See, e.g.*, *Johnson v. State*, 208 S.W.3d 478, 510 (Tex. App.—Austin 2006, no pet.). McCrary is therefore entitled to raise his double jeopardy complaints for the first time on appeal.

### (1) Conviction for Injury to an Elderly Individual is Not a Double Jeopardy Violation

We begin our analysis of McCrary's double jeopardy claim by looking to the second count of the indictment, which alleges injury to an elderly person, pursuant to Section 22.04 of the Texas Penal Code. TEX. PENAL CODE ANN. § 22.04 (Vernon Supp. 2010).[9] McCrary was convicted of "[i]ntentionally or knowingly caus[ing] serious bodily injury to Hollis Ellis, an individual 65 years of age or older, by hitting him in the head with a hammer." Section 22.04(h) plainly authorizes multiple punishments when a defendant's conduct violates both Section 22.04 and another Penal Code section:

> A person who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections. . . .

TEX. PENAL CODE ANN. § 22.04(h).

---

[9]This Penal Code provision provides that "[a] person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, . . . causes . . . [an] elderly individual . . . serious bodily injury. . . ." TEX. PENAL CODE ANN. § 22.04(a)(1).

The double jeopardy guarantee against multiple punishments for the same offense is designed to prevent the sentencing court from prescribing greater punishment than the Legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992). When the same conduct violates more than one distinct penal statute and each statute requires proof of a fact that the other does not, it is *presumed* that the two offenses are not the same and that the Legislature intended to authorize multiple punishments. *Hunter*, 459 U.S. at 366; *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Conversely, if all the elements of one statutory offense are contained within the other, it is *presumed* that the two offenses are the same and that the Legislature did not intend to authorize punishment for both. *Whalen v. United States*, 445 U.S. 684, 693–94 (1980). An accused may be punished for two offenses that would be regarded as the same offense if the Legislature has manifested its intention that he should be. *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008).

Because the Legislature has clearly stated that an accused may be punished for two offenses that could be regarded as the same offense, we find no double jeopardy violation based on McCrary's punishment for injury to an elderly individual in addition to the punishment received for violation of another section of the Texas Penal Code.[10] When the Legislature specifically

---

[10]In *Gonzalez v. State*, 973 S.W.2d 427 (Tex. App.—Austin 1998), *aff'd*, 8 S.W.3d 640 (Tex. Crim. App. 2000), the court touched on the issue of whether injury to an elderly individual was a lesser-included offense of aggravated robbery, but stated that:

> We express no opinion on whether the injury to an elderly individual offense is a lesser included offense of, and, therefore, could be considered the "same offense" as, the aggravated robbery

authorizes multiple punishments under two statutes, even if those two statutes proscribe the same conduct, "a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 459 U.S. at 368–69; *Johnson*, 208 S.W.3d at 511 (conviction for violation of injury to elderly individual and capital murder did not violate double jeopardy protections; multiple convictions plainly authorized under statute). Thus, we find no violation of McCrary's double jeopardy protections as a result of his conviction of and punishment for injury to an elderly person in conjunction with additional punishment resulting from violations of other Penal Code provisions.

### (2) Convictions for Aggravated Assault and Aggravated Robbery Do Not Violate Double Jeopardy

The remaining issue in our double jeopardy analysis is whether McCrary's double jeopardy protections were violated as a result of his conviction and punishment for both aggravated assault with a deadly weapon and aggravated robbery. The principal test for determining whether two offenses are the same for the purpose of double jeopardy was set out by the United States Supreme Court in *Blockburger*:

---

offense as set out in any of the three paragraphs as we did not grant discretionary review on this issue. We note, however, that the Legislature apparently has authorized multiple punishments even if these offenses could be considered the "same" under double jeopardy principles. *See* TEX. PENAL CODE ANN. § 22.04(h) (person "subject to prosecution" for injury to elderly individual and "another section of this code may be prosecuted under either or *both* sections"); *Hunter*, 459 U.S. at 366; *Whalen*, 445 U.S. at 693–94.

*Id*. at 641 n.4.

8

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304. Greater and lesser-included offenses are the "same" offense for double jeopardy purposes. *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). What is considered the same offense in the multiple-punishments context is a matter of legislative intent. *Littrell*, 271 S.W.3d at 276; *Rogers v. State*, 305 S.W.3d 164, 168 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Although *Blockburger* provides the definitive test, the test is not exclusive, and an accused may be punished for two offenses that would be regarded as the same under a *Blockburger* analysis if the Legislature has made this intention clear. *Littrell*, 271 S.W.3d at 276.

To determine whether an offense is a lesser-included offense of another offense, we begin by "comparing the elements of the greater offense, as the State pled it in the indictment, with the elements in the statute that defines the lesser offense." *Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007). The elements of the offenses, as they are pled in the indictment, also are compared to decide whether multiple punishments violate the Double Jeopardy Clause. *Id.* at 532–33. When the greater offense may be committed in more than one manner, the manner alleged determines whether the other offense alleged is a lesser-included offense.[11] *Id.* at 531.

---

[11]An offense is a lesser-included offense if:

> (1)    it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

9

Thus, we compare the elements of aggravated assault and aggravated robbery as the State alleged those offenses in the indictment. McCrary's indictment in the aggravated assault case alleged that on or about the 9th day of December, 2008, McCrary

> Intentionally, knowingly, or recklessly cause[d] serious bodily injury to Hollis Ellis by hitting him in the head, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a hammer, during the commission of said assault.

*See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2010). The indictment in the aggravated robbery case alleged that on or about the 9th day of December, 2008, McCrary

> While in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause[d] bodily injury to Hollis Ellis, a person 65 years of age or older, by hitting him with a hammer.

*See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2003). The Texas Penal Code states that a person commits aggravated robbery if he commits robbery as defined in Section 29.03, and he:

> (1)      causes serious bodily injury to another;
>
> (2)      uses or exhibits a deadly weapon; or

---

(2)    it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3)    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4)    it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *Aguilar v. State*, 263 S.W.3d 430, 435 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

> (3)    causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is . . . 65 years of age or older . . . .

TEX. PENAL CODE ANN. § 29.03. Here, McCrary was indicted under subpart three of the statute, alleging bodily injury (as opposed to serious bodily injury) and that Ellis was sixty-five years of age or older at the time of the offense.

According to the language of the indictment, for aggravated assault, the State had to prove McCrary caused serious bodily injury and used or exhibited a deadly weapon ("to wit: a hammer"). For the aggravated robbery charge, the State had to prove that this same act occurred in the commission of a theft and that Ellis was age sixty-five or older. The difference, however, in the aggravated robbery charge is that the State was required to prove "bodily injury" as opposed to "serious bodily injury" as an element of proof in the aggravated assault charge. "We then ask the question that Article 37.09(a) poses: are the elements of the lesser offense 'established by proof of the same or less than all the facts required to establish[] the commission of the offense charged?'" *Hall*, 225 S.W.3d at 536. Under the cognate pleadings approach adopted by the Texas Court of Criminal Appeals, double jeopardy challenges should be made even to offenses that have differing elements under *Blockburger*, if the same "facts required" are alleged in the indictment. The term "facts required" under Article 37.09 means the evidence legally required to prove the elements of the offense. *Hall*, 225 S.W.3d at 536; *Miles v. State*, 259 S.W.3d 240, 246 (Tex. App.—Texarkana 2008, pet. ref'd).

11

It is clear that when comparing the two charges indicted, and taking into account all of the elements that the State must prove for each charge, the two offenses are substantially similar. That is, proof of each of the elements of aggravated robbery, as indicted, would also prove each of the elements of aggravated assault, as indicted, with the exception of the degree of bodily injury alleged. Because aggravated assault requires proof of "serious bodily injury" and aggravated robbery, as indicted, only requires proof of "bodily injury," the elements of aggravated robbery (the greater offense) do not prove aggravated assault.

The manner and means of alleging aggravated robbery is determinative of our double jeopardy analysis. The manner and means can affect the availability of lesser-included offenses. *See Hall*, 225 S.W.3d at 531 (noting "[a]ssault by committing bodily injury is a lesser-included offense of aggravated assault by inflicting serious bodily injury, but not of aggravated assault by threat with a deadly weapon"). For example, aggravated assault was treated as a lesser-included offense of aggravated robbery in *Jefferson v. State*, 144 S.W.3d 612 (Tex. App.—Amarillo 2004, no pet.). In that case, the elements of aggravated robbery as alleged in the indictment were that the defendant, at the stated time and place, while in the course of committing theft of property and with intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed the victim in fear of imminent bodily injury or death while exhibiting or using a deadly weapon in the form of a firearm. *Id.* at 613. The elements of aggravated assault, as alleged in

12

*Jefferson*, were that the defendant intentionally or knowingly threatened another with imminent bodily injury, and used or exhibited a deadly weapon.  *Id.*

Here, aggravated robbery was pled as causing bodily injury to Ellis, a person sixty-five years of age or older, by hitting him with a hammer.   This allegation, pled in accordance with the statute, does not include the element of serious bodily injury.  *See* TEX. PENAL CODE ANN. § 29.03(a)(3).   The term "bodily injury" is defined as "physical pain, illness, or any impairment of physical condition."   TEX. PENAL CODE ANN. § 1.07(a)(8) (Vernon Supp. 2010).   The term "serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."   TEX. PENAL CODE ANN. § 1.07(a)(46).   By definition, these statutory elements differ by degree of severity.   The allegation of "bodily injury" does not include "serious bodily injury."

The two offenses are distinct under a strict application of the *Blockburger* test, but the *Blockburger* test is a rule of statutory construction and is not the exclusive test for determining if two offenses are the same.  *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008).   That is, offenses may be the same for double jeopardy principles even when their elements differ under *Blockburger*, if there are other indicia of legislative intent to treat the offenses as the same.  *Ervin v. State*, 991 S.W.2d 804, 810–11 (Tex. Crim. App. 1999).

In *Ervin*, the Texas Court of Criminal Appeals set forth a nonexclusive list of factors to consider when examining the issue of whether two offenses are the same in the context of multiple punishment. These factors include: (1) whether the offenses provisions are contained within the same statutory section; (2) whether the offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus (i.e., whether the "gravamen" of the offense is the same); (6) whether that common focus tends to indicate a single instance of conduct; (7) whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e., a liberalized *Blockburger* standard utilizing imputed elements); and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. *Bigon*, 252 S.W.3d at 371.

Aggravated assault and aggravated robbery are not in the same statutory section, as aggravated assault is listed as an offense against the person under Title 5 of the Texas Penal Code and aggravated robbery is listed as an offense against property under Title 7 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 22.02, 29.03. Because these offenses are not in the same statutory section, they are not named in the alternative. Because aggravated assault is a second-degree felony and aggravated robbery is a first-degree felony, they do not have common punishment ranges. With the exception of the aggravated nature of these crimes, the factors

14

mentioned above indicate the Legislature intended to impose multiple punishments for the violation of each statute.

Both aggravated assault and aggravated robbery have a common focus as pled: bodily injury to Ellis. Both crimes are result-oriented crimes with injury being the result. Given that the result is the focus of these offenses, the sameness of the result is some indication that the Legislature did not intend to impose multiple punishments. In this regard, we recognize the changes in the law of robbery that were made in the Penal Code of 1974. Prior to those changes, theft was an integral part of robbery. However, the Penal Code of 1974 required that theft only has to be attempted. *Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999). Under the current Penal Code, robbery is a form of assault:

> The common law analysis of the nature of a robbery offense was correct under Art. 1408, supra, as the offense required a completed theft as an element of the crime. Under Sec. 29.03, however, no completed theft is required. Under the new Penal Code, the offense is no longer an aggravated form of theft. . . .
>
> A description of the property involved in the robbery was required under Art. 1408 because the offense was characterized as a theft. The change in the focus of the statute, coupled with this Court's decision [that no description of the property was required] in *Reese*, [531 S.W.2d 638] compels the conclusion that the present robbery offense is assaultive in nature.

*Hawkins*, 6 S.W.3d at 559–60 (Tex. Crim. App. 1999) (citing *Ex parte Lucas*, 574 S.W.2d 162, 163–64 (Tex. Crim. App. 1978)); *accord Hightower v. State*, 629 S.W.2d 920, 922 (Tex. Crim. App. [Panel Op.] 1981) (robbery is form of assault); *Rohlfing v. State*, 612 S.W.2d 598, 602 (Tex.

15

Crim. App. [Panel Op.] 1981) ("The current penal code robbery offenses are assaultive in nature and are not aggravated forms of theft.").

In *Hawkins*, the Texas Court of Criminal Appeals recognized that even though aggravated robbery is recognized as an offense against property due to its placement in Title 7 of the Texas Penal Code, the primary interest protected by this offense is "the security of the person from bodily injury or threat of bodily injury that is committed in the course of committing theft." *Hawkins*, 6 S.W.3d at 560 (citing *Chestnut v. State*, 567 S.W.2d 1, 2 (Tex. Crim. App. [Panel Op.] 1978)).

Moreover, the placement of aggravated robbery in Title 7 of the Texas Penal Code, although a form of assault, "allowed the joinder of repeated robberies under the original statutes for the joinder of offenses which allowed the joinder of only Title 7 offenses." *Hawkins*, 6 S.W.3d at 560. Thus, the legislative decision to place robbery in Title 7 of the Code is not necessarily indicative of the Legislature's intent to impose multiple punishments for aggravated robbery and aggravated assault.

Next, we address whether the common focus tends to indicate a single instance of conduct. In this regard, we examine the "allowable unit of prosecution," which is defined by the Legislature and determines if one course of conduct results in more than one offense. *Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006). As recognized in *Bigon*, "[u]sually analysis of an allowable unit of prosecution involves a situation in which two offenses from the same statutory section are charged, but the spirit behind the principle is fitting here." *Bigon*, 252 S.W.3d at 371–72 (double

16

jeopardy analysis regarding convictions for felony murder, intoxication manslaughter, and manslaughter).

The allowable unit of prosecution for an assaultive offense is each victim. *Hawkins*, 6 S.W.3d at 560. Because robbery is a form of assault, the allowable unit of prosecution for robbery likewise is each victim. *Id*. (holding that defendant's prosecution for robbery twice when two victims were assaulted in course of committing theft did not violate Double Jeopardy Clause). Because aggravated robbery is an assaultive offense, with the unit of prosecution being one victim (as is the case for aggravated assault), the common focus of each offense in conjunction with the fact that the common focus tends to indicate a single instance of conduct, are indicia of legislative intent not to permit multiple punishments in this circumstance.

We must also determine whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger*. In this case, those differing elements are "bodily injury" and "serious bodily injury." Aggravated robbery was pled as causing bodily injury to Ellis, a person sixty-five years of age or older, by hitting him with a hammer. This allegation, pled in accordance with the statute, does not include the element of serious bodily injury. *See* TEX. PENAL CODE ANN. § 29.03(3).

The concept of imputing elements into an offense in order to determine if the offenses are the "same offenses" for purposes of double jeopardy has not been widely explored in caselaw. In

17

fact, *Ervin* is the only reported case that has positively determined this factor. In that case, the court concluded that manslaughter and intoxication manslaughter are the same offense for double jeopardy purposes when they involve the same victim, and imposing convictions for both violates the Double Jeopardy Clause. *Ervin*, 991 S.W.2d at 817.

In arriving at this conclusion, the court recognized that the statute defining intoxication manslaughter does not include a mental state,[12] while the statute defining manslaughter requires a mental state of "recklessly."[13] In finding the two offenses were nevertheless the "same offense" for double jeopardy purposes, the *Ervin* court found that intoxication manslaughter can be viewed as having the element of recklessness by imputation, thus making the offenses the same under the liberalized, "imputation" version of the *Blockburger* test (finding that intoxication was an imputed form of recklessness). *Id*. at 816.

*Ervin* involved the imputation of a culpable mental state. Here, the differing element is the degree of bodily injury. While imputation of a culpable mental state in *Ervin* made logical sense, we see no logic in imputing the element of "serious bodily injury" in the charge of aggravated robbery when that charge already includes the element of "bodily injury."

---

[12]TEX. PENAL CODE ANN. § 49.08 (Vernon Supp. 2010).

[13]TEX. PENAL CODE ANN. § 19.04 (Vernon 2003).

18

Logic would seem to dictate, however, that because the proof at trial established that Ellis suffered serious bodily injury,[14] such proof should be sufficient to answer the issue at hand. To take into account such proof, however, would require the application of the "cognate evidence" analysis, an approach in which the court includes the facts adduced at trial in its lesser-included offense analysis. *Hall*, 225 S.W.3d at 526.[15] Because we are bound to apply the cognate pleadings approach to lesser-included offenses, we find that aggravated assault in this case is not a

---

[14]Ellis suffered blunt trauma injuries to the head, of such severity as to reach the skull. This level of trauma has been known to cause death.

[15]Under this approach, a lesser-included offense instruction may be given even though all of the statutory elements of the lesser offense are not contained in the greater offense, if the "overlapping elements relate to the common purpose of the statutes" and the specific evidence adduced would support an instruction on the cognate offense. *Hall*, 225 S.W.3d at 526 n.8.

We also note that to the extent McCrary's double jeopardy claim is based on the same conduct, i.e., hitting Ellis in the head with a hammer, such contention is without merit. As the Texas Court of Criminal Appeals explained in *Ortega v. State*, 171 S.W.3d 895, 901 (Tex. Crim. App. 2005), the "same conduct" rule announced in *Grady v. Corbin*, 495 U.S. 508 (1990), was overruled by the Supreme Court in *United States v. Dixon*, 509 U.S. 688, 704 (1993). In *Corbin*, the defendant drove a vehicle that crossed the center line of a highway and struck another vehicle, killing the driver and injuring her passenger. He was convicted of driving while intoxicated and failing to keep right of the median. Then he was indicted for homicide and assault offenses. He moved to dismiss the indictment on double jeopardy grounds. *Corbin*, 495 U.S. at 511–14. The *Corbin* Court stated that "[t]he critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Id.* at 521. The Court said that "the State has admitted that it will prove the entirety of the conduct for which Corbin was committed–driving while intoxicated and failing to keep right of the median–to establish essential elements of the homicide and assault offenses. Therefore, the Double Jeopardy Clause bars this successive prosecution . . . ." *Id.* at 523. In rejecting this reasoning, the *Dixon* Court stated:

> We have concluded, however, that *Grady* [*v. Corbin*] must be overruled. Unlike *Blockburger* analysis, whose definition of what prevents two crimes from being the "same offence," U.S. Const., Amdt. 5, has deep historical roots and has been accepted in numerous precedents of this Court, *Grady* lacks constitutional roots. The "same-conduct" rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.

*Ortega*, 171 S.W.3d at 899 (citing *Dixon*, 509 U.S. at 704).

lesser-included offense of aggravated robbery. *See id.* at 535. To conclude otherwise would require a finding of legislative intent not to permit multiple punishments for each offense alleged, when we remain unconvinced of such intent. While double jeopardy precludes a defendant from being punished twice for the same offense, it does not prevent a second punishment for the same conduct. *E.g.*, *Blockburger*, 284 U.S. at 303–04 (holding two convictions for one sale of narcotics that violated two statutory provisions did not violate double jeopardy). Accordingly, we conclude that McCrary's double jeopardy protections were not violated.

## B. Lesser-Included Offenses

In his next three points of error, McCrary complains that the trial court erred in failing to instruct the jury on certain purported lesser-included offenses. Under certain, limited circumstances, a criminal defendant in Texas will be entitled to a jury charge on a lesser-included offense of the offense charged. *See, e.g.*, *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). The first step in determining whether an offense is a lesser-included offense of the alleged offense is a question of law. It must "be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Hall*, 225 S.W.3d at 535–36. The second step in this analysis asks whether there is evidence that supports giving the instruction to the jury. *Id.* at 536. That is, there must be evidence in the record that would permit a jury to rationally find that the defendant is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.

20

Crim. App. 1993). Appellate courts should review all the evidence presented in trial in making this determination. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

### (1) Aggravated Assault /Assault

McCrary first contends that he was entitled to a lesser-included offense instruction on assault on the indicted charge of aggravated assault.[16] The State concedes that because assault is a lesser-included offense of aggravated assault, McCrary has met the first prong of the *Royster-Rousseau* test. The State nevertheless disputes entitlement to the lesser-included offense charge because it maintains there is either no evidence or no more than a scintilla of evidence that would permit a jury to rationally find that if McCrary is guilty, he is guilty of only the lesser charge.

Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Bignall*, 887 S.W.2d at 23. However, it is not sufficient that the jury might have disbelieved evidence pertaining to the greater offense. *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). There must be some evidence directly germane to a lesser-included offense for the fact-finder to consider before an instruction on a lesser-included offense is warranted. *Id.* McCrary points to certain evidence at trial that he maintains is sufficient to entitle him to a lesser charge. Because McCrary was charged with a conspiracy theory of liability for aggravated assault, the second prong is met only if there is evidence in the record showing either (1) there was no aggravated assault; (2) the aggravated assault was not committed in

---

[16]TEX. PENAL CODE ANN. § 22.02.

21

furtherance of a conspiracy; or (3) the aggravated assault should not have been anticipated. McCrary contends that the aggravated assault should not have been anticipated. We disagree.

The testimony at trial indicated the initial plan for stealing Ellis' money was to have Ellis pay to have sex with Rebecca. The plan changed to one in which Rebecca would offer to have sex with Ellis for money and then, at the opportune time, hit Ellis in the head to knock him out and take his money. It is unclear whether this plan included the use of a hammer. Finally, the last plan, and the one implemented, was for Rebecca to hit Ellis in the head with a hammer and take the money away from him while Cleveland and McCrary dealt with Lenox. The evidence further indicates that as McCrary, Cleveland, and Rebecca arrived at Ellis' house on December 9, McCrary handed the hammer to Rebecca and instructed her to hit Ellis with it, but not to kill him.

McCrary himself, in statements to law enforcement officers, indicated the plan was to sell sexual favors for money.[17] McCrary contends that the jury could have believed this was the only plan and could therefore have found him guilty only of assault. In conjunction with this contention, McCrary maintains that the jury could have believed that he could not have anticipated that in carrying out the plan to obtain Ellis' money, Rebecca would have hit Ellis in the head with a hammer.

---

[17]McCrary also contends that the jury could have believed, given the evidence of changing plans, that he intended for Rebecca to knock the money out of Ellis' hand and/or use some type of force to steal it, and that he had no knowledge that Rebecca would use a hammer hit Ellis.

22

We do not find the evidence here to be directly germane to the lesser-included offense of assault. Criminal responsibility for the conduct of another is set forth in Section 7.02 of the Texas Penal Code. It requires, in pertinent part, that:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of carrying out the conspiracy.

TEX. PENAL CODE ANN. § 7.02(b). Accordingly, McCrary could not have been found guilty as a party to the offense of aggravated assault with a deadly weapon unless he intended to commit a felony offense. McCrary's statement to law enforcement—that Rebecca intended to sell sexual favors for money—indicates McCrary only intended to commit the misdemeanor offense of prostitution.[18] Under this scenario, Section 7.02(b) of the Penal Code would not apply, as by definition, it applies only to felony offenses. Said another way, if McCrary's statement that he only intended for Rebecca to commit prostitution was believed by the jury, he would then not be guilty of any offense under Section 7.02(b), nor would he be guilty of assault, the very offense he urges should have been included in the jury charge. McCrary could not be found guilty of any greater offense he did not intend to commit, and would not be entitled to a lesser-included charge on assault.

---

[18]TEX. PENAL CODE ANN. § 43.02 (Vernon Supp. 2010).

23

According to the second plan, Rebecca would offer sex for money and then use some force to take the money at an opportune time. In this case, because McCrary would have intended to commit the felony offense of theft from the elderly,[19] Section 7.02 applies. Both assault and aggravated assault are foreseeable consequences of the outcome of this plan. Moreover, the charge instructed the jury on the law of parties, and it is uncontroverted that Rebecca used a hammer during the robbery.

The question concerning entitlement to the lesser-included offense of assault is whether the evidence would permit a rational jury to make a contrary finding. That is, could a rational jury determine, based on the evidence of this plan, that McCrary did not intend or anticipate serious bodily injury to Ellis? Such evidence must be only more than a scintilla, and may be impeached or contradicted, but it must be sufficient, if believed, to at least permit a rational jury to return a verdict on the lesser-included offense. *Ex parte Thompson*, 179 S.W.3d 549, 560 (Tex. Crim. App. 2005). On these facts, no evidence exists that McCrary is guilty only of assault.

**(2)      Bodily Injury to an Elderly Individual/Serious Bodily Injury to an Elderly Individual**

McCrary contends the trial court erred in failing to instruct the jury on the offense of causing bodily injury to an elderly individual as a lesser-included offense of the indicted charge of causing serious bodily injury to an elderly individual.[20] The State concedes that McCrary has met

---

[19]TEX. PENAL CODE ANN. § 31.03(f)(3) (Vernon Supp. 2010). The evidence at trial indicated that McCrary intended to steal as much as $25,000.00 from Ellis.
[20]TEX. PENAL CODE ANN. § 22.04.

24

the first prong of the *Royster-Rousseau* test. The State nevertheless disputes entitlement to the lesser-included offense charge of bodily injury to an elderly individual because it maintains there is either no evidence or no more than a scintilla of evidence that would permit a jury to rationally find that if McCrary is guilty, he is guilty of only the lesser charge. McCrary points to the changing plans of his co-conspirators, Cleveland and Rebecca, referenced in the preceding section, as sufficient evidence to entitle him to the lesser charge of bodily injury to an elderly individual. Based on the foregoing analysis, we overrule this point of error. Both bodily injury and serious bodily injury to an elderly individual are foreseeable consequences of the aforementioned plan to steal money from Ellis.

### (3) Aggravated Robbery/Assault

In his final point of error, McCrary complains of the trial court's refusal to instruct the jury on the offense of assault as a lesser-included offense of the indicted charge of aggravated robbery.[21] The State concedes that McCrary has met the first prong of the *Royster-Rousseau* test. The State nevertheless disputes entitlement to the lesser-included offense charge of assault because it maintains there is either no evidence or no more than a scintilla of evidence that would permit a jury to rationally find that if McCrary is guilty, he is guilty of only the lesser charge. Here again, McCrary points to the changing plans of his co-conspirators, Cleveland and Rebecca, referenced in the preceding section, as sufficient evidence to entitle him to the lesser charge of bodily injury to an elderly individual.

---

[21]TEX. PENAL CODE ANN. § 29.03.

Contrary to McCrary's contention, it matters not that the offense he may have originally intended—theft from the elderly—subsequently escalated into aggravated robbery. Where several people act together in pursuit of an unlawful act, each one is liable for collateral crimes, even though they may have been unplanned and unintended, if those crimes are foreseeable, ordinary, and probable consequences of the execution of the unlawful act. *Curtis v. State*, 573 S.W.2d 219 (Tex. Crim. App. [Panel Op.] 1978); *Gutierrez v. State*, 681 S.W.2d 698, 702 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). Here, aggravated robbery was alleged in the indictment as "caus[ing] serious bodily injury to another . . . or threaten[ing] or plac[ing] another person in fear of imminent bodily injury or death, if the other person is . . . 65 years of age or older . . . ." TEX. PENAL CODE ANN. § 29.03. Aggravated robbery is a foreseeable consequence of the plan to steal money from Ellis, an elderly individual. Based on the foregoing analysis, we overrule this point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     September 16, 2010
Date Decided:       November 2, 2010

Publish

26