

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00199-CR

---

JEFFREY MICKENS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2018-C-085

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Jeffrey Mickens was indicted for two counts of aggravated kidnapping, murder, attempted capital murder of a peace officer, and aggravated assault. Mickens waived his right to a jury trial and, in a single proceeding, pled guilty to all five indictments. The trial court sentenced Mickens to twenty years' imprisonment for the aggravated assault and eighty years' imprisonment for all remaining offenses and ordered that the sentences run concurrently.

In this case, we address Mickens's appeal of his conviction of aggravated assault. *See* Tex. Penal Code Ann. § 22.02(a)(1) (Supp.) Mickens argues that (1) the trial court erred when it failed to admonish Mickens about the advantages and disadvantages of self-representation; (2) Mickens's jury trial waiver was invalid because it failed to comport with Article 1.13 of the Texas Code of Criminal Procedure; (3) Mickens's guilty plea was invalid because the trial court failed to properly admonish him of the advantages and disadvantages of self-representation, the rights he would be waiving, or the range of punishment; (4) Mickens's right to double jeopardy was violated because his conviction for aggravated assault was precluded by his conviction of aggravated kidnapping; and (5) the trial court erred in assessing court costs on all five of Mickens's convictions.

As discussed in our opinion in cause number 06-19-00195-CR, we find no error in Mickens's first two points of error and find (1) that Mickens was competent to waive, and intelligently and knowingly waived, his right to counsel, after being sufficiently admonished and (2) that Mickens knowingly and intelligently waived his right to a jury trial. As to Mickens's third and fourth points of error, we find that Mickens knowingly and voluntarily pled guilty and

2

that his right against double jeopardy was not violated where he was convicted of aggravated kidnapping and aggravated assault. We also modify the judgment and delete the trial court's assessment of court costs for this case, where costs were assessed in the first conviction. In all other ways, we affirm the trial court's judgment, as modified.

## I.      Mickens's Waiver of His Right to Counsel Was Valid

For this issue, we direct the reader to our opinion in *Mickens v. State*, cause number 06-19-00195-CR, issued on even date herewith. We explained in that opinion why we overruled Mickens's complaint that the trial court did not warn him sufficiently about his waiver of counsel in compliance with *Faretta v. California*.[1] For the same reasons explained in cause number 06-19-00195-CR, we likewise overrule that point of error in this appeal.

## II.      Mickens's Jury Trial Waiver Was Valid

For this issue, we direct the reader to our opinion in *Mickens v. State*, cause number 06-19-00195-CR, issued on even date herewith. We explained in that opinion why we overruled Mickens's complaint that his jury trial waiver was invalid because it failed to comport with Article 1.13 of the Texas Code of Criminal Procedure. For the same reasons explained in cause number 06-19-00195-CR, we likewise overrule that point of error in this appeal.

## III.      Mickens's Plea of Guilty Was Made Voluntarily and Freely

In our opinion in *Mickens v. State*, cause number 06-19-00195-CR, we described the analysis for determining whether a plea of guilty is made freely and voluntarily. We direct the

---

[1]*Faretta v. California*, 422 U.S. 806 (1975).

reader to our opinion in that case for a detailed summary of the events at Mickens's trial and the law we applied to those events.

In brief, we consider the totality of the circumstances viewed in light of the entire record. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *Fluellen v. State*, 443 S.W.3d 365, 368 (Tex. App.—Texarkana 2014, no pet.). "The record must affirmatively disclose that a defendant . . . entered his plea understandingly and voluntarily." *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969); *see also Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). The trial court must admonish the defendant in substantial compliance with the requisites of Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.).

Here, the trial court accepted Mickens's plea of guilty to the instant charge of aggravated assault after Mickens stated he pled guilty, because he was in fact guilty. Mickens had not been forced or threatened to plead guilty. His plea was also made freely and voluntarily. The trial court admonished Mickens that the crime was a second-degree felony, with a punishment range of two to twenty years and a fine not to exceed $10,000.00.

We find his plea to the instant allegation of aggravated assault was made freely and voluntarily. We, therefore, overrule Mickens's third point of error.

## IV.      Mickens's Right Against Double Jeopardy Was Not Violated

In his fourth point of error, Mickens claims his conviction of the aggravated assault of Regina[2] is precluded by his conviction in cause number 06-19-00195-CR of the aggravated kidnapping of Regina.  According to Mickens, the aggravated assault conviction amounts to a second punishment for the same conduct, and therefore double jeopardy requires the aggravated assault conviction must be vacated.  We disagree.

Mickens made no double-jeopardy objection to the trial court.  In certain circumstances, such a failure may preclude appellate review.  *See Gonzalez v. State*, 8 S.W.3d 640, 644–45 (Tex. Crim. App. 2000).[3]  Only where an appellant's double-jeopardy claim is apparent on "the face of the record" may he raise the claim for the first time on appeal.  *Id.* at 645.  "A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim."  *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013).  Here, the extant record "contains all of the information needed to address the merits of the double-jeopardy claim.  If we find that there is a double-jeopardy violation, the remedy will be to vacate one of the convictions . . . ."  *Id*. at 545.

---

[2]To protect the confidentiality of the child involved, we refer to all parties by pseudonym.  *See* TEX. R. APP. P. 9.8(b)(2).

[3]Gonzalez was convicted in a single trial of aggravated robbery, which was alleged in three paragraphs in the indictment, and injury to an elderly person.  Because the record showed the jury may have found him guilty under paragraph two of the indictment, of which injury to an elderly person was not a lesser-included offense, Gonzalez was required to preserve his complaint in the trial court.  *See Gonzalez*, 8 S.W.3d at 645.

## A.    *Blockburger* Analysis

"The principal test for determining whether two offenses are the same for the purpose of double jeopardy was set out by the United States Supreme Court in *Blockburger*." *McCrary v. State*, 327 S.W.3d 165, 172–73 (Tex. App.—Texarkana 2010, no pet.). The *Blockburger* court stated, "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, (1932).

Aggravated kidnapping is accomplished where the actor abducts another.[4] Aggravated assault is committed when an actor commits assault and "causes serious bodily injury to another . . . ." or assaults another while using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. § 22.02(a).

Aggravated kidnapping requires the abduction of another. This element is not required to commit aggravated assault. But aggravated assault requires assault, which is not included in the elements of aggravated kidnapping. Thus, under the *Blockburger* analysis, aggravated assault is not a lesser-included offense of aggravated kidnapping.

## B.    Cognate Pleadings and Legislative Intent

"Although *Blockburger* provides the definitive test, the test is not exclusive, and an accused may be punished for two offenses that would be regarded as the same under a

---

[4]Abduction is the intentional or knowing restraint of another with the intent to secret or hold "him in a place where he is not likely to be found" or "using or threatening to use deadly force." TEX. PENAL CODE ANN. § 20.01(2) (Supp.).

6

*Blockburger* analysis if the Legislature has made this intention clear." *McCrary*, 327 S.W.3d at 173 (citing *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008)).

> Under the cognate pleadings approach adopted by the Texas Court of Criminal Appeals, double jeopardy challenges should be made even to offenses that have differing elements under *Blockburger*, if the same 'facts required' are alleged in the indictment. The term "facts required" under Article 37.09 means the evidence legally required to prove the elements of the offense.

*Id.* at 174 (citing *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)).[5] *Hall* explained the cognate pleadings test this way:

> The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. It does not depend on the evidence to be produced at the trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense.

*Hall*, 225 S.W.3d at 535–36.

As alleged, the State's aggravated kidnapping indictment required proof that Mickens (1) on or about February 22, 2018 and (2) "with intent to cause bodily injury" abducted Regina "by restricting [her] movement . . .without her consent so as to interfere substantially with her liberty, by confining her with the intent to prevent her liberation, *by . . . using deadly force, namely, shooting her with [a] pistol.*"[6] *Cf.* TEX. PENAL CODE ANN. § 20.04(a)(4).

---

[5]Whether an alleged "greater offense includes a lesser offense" is determined by "comparing the elements of the greater offense, as the State pled it in the indictment, with the elements in the statute that defines the lesser offense." *Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007).

[6]The italicized text is not an element of aggravated kidnapping. *See* TEX. PENAL CODE ANN. § 20.04. By alleging abduction with intent to cause bodily injury, the State indicted Mickens of aggravated kidnapping. *See* TEX. PENAL CODE ANN. § 20.04(a)(4). Aggravated kidnapping can also be proven by abduction and using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. § 20.04(b). This matter is not raised by Mickens. We treat the indictment as alleging a complete offense with its allegation under Section 20.04(a)(4).

The elements of aggravated assault are (1) an assault[7] (2)(a) that causes serious bodily injury to another or their spouse or (2)(b) in which a deadly weapon was used or exhibited. TEX. PENAL CODE ANN. § 22.02. Comparing these to the indictment for aggravated kidnapping, we observe that the aggravated kidnapping charge alleged that Mickens abducted Regina with intent to cause her bodily injury. However, aggravated assault requires the infliction of serious bodily injury. These are not the same. *See McCrary*, 327 S.W.3d at 177.

We also must consider the intent of the Legislature. "The *Blockburger* test cannot allow two punishments for a single course of conduct when the Legislature intended to authorize only one." *Garfias v. State*, 424 S.W.3d 54, 59 (Tex. Crim. App. 2014). To discover the Legislature's intent, the Texas Court of Criminal Appeals has suggested that we consider

> whether the offenses provisions are contained within the same statutory section, whether the offenses are phrased in the alternative, whether the offenses are named similarly, whether the offenses have common punishment ranges, whether the offenses have a common focus (i.e. whether the "gravamen" of the offense is the same) and whether that common focus tends to indicate a single instance of conduct, whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e. a liberalized *Blockburger* standard utilizing imputed elements), and whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes.

*Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999).

While aggravated kidnapping and aggravated assault are both in Title 5 of the Texas Penal Code, they are in different statutory sections and so are not phrased in the alternative. Nor

---

[7]Assault is committed by, among other things, causing bodily injury to another or their spouse, threatening another or their spouse with imminent bodily injury, or causing physical contact with another when the actor knows or reasonably knows the other will find the contact offensive or provocative. TEX. PENAL CODE ANN. § 22.01 (Supp.).

8

are they named similarly. Aggravated kidnapping is a first-degree felony;[8] aggravated assault is a second-degree felony. Each offense has a different focus or gravamen. The gravamen of aggravated kidnapping is abduction. *See Schweinle v. State*, 915 S.W.2d 17, 19 n.2 (Tex. Crim. App. 1996) (per curiam). The gravamen of aggravated assault, as indicted in this case, is causing serious bodily injury to the victim. *See Hernandez v. State*, 556 S.W.3d 308, 314 (Tex. Crim. App. 2017). We have neither been directed to nor found any legislative history regarding this issue.

Finally, we observe that the record establishes two distinct offenses by Mickens as to Regina. After shooting Eleanor, Mickens forced Regina to his small trailer home. Although her testimony indicates that she may not have crossed the threshold, Mickens clearly restrained Regina with the intent to prevent her liberation by using or threatening to use deadly force (he reloaded his pistol and told Regina he would kill her and her daughter). This demonstrated Mickens's intent to inflict bodily injury upon her. It also completed the aggravated kidnapping of Regina. Even though Regina escaped, when she ran away Mickens shot her at least three times. As a result, he separately completed aggravated assault by causing serious bodily injury to Regina. Although these events all fell upon each other in quick succession, there were clearly two offenses, one after the other.

In support of his argument, Mickens cites *Girdy v. State*, 213 S.W.3d 315, 319 (Tex. Crim. App. 2006), where the Texas Court of Criminal Appeals found aggravated assault to be a

---

[8]That said, if at punishment one convicted of aggravated kidnapping can prove he or she "voluntarily released the victim in a safe place," the defendant is then subjected to the punishment range of a second-degree felony. TEX. PENAL CODE ANN. § 20.04(d).

lesser-included offense of aggravated kidnapping. A single indictment charged Girdy with both offenses. The first count alleged he abducted the victim, without her consent, with the intent to prevent her liberation "by using and threatening to use deadly force on the said [complainant], and with intent to inflict bodily injury on her. . . ." *Id.* at 316. The second count alleged aggravated assault by intentionally and knowingly threatening the victim "with imminent bodily injury and did then and there use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury. . . ." *Id.*

We find *Girdy* distinguishable from Mickens's situation. In *Girdy*, all the elements of aggravated assault were proved by proving aggravated kidnapping. The aggravated assault allegation charged Girdy with threatening his victim "with imminent bodily injury," and he used a deadly weapon. *Id.* By proving that Girdy used and threatened to use deadly force in his abduction of the victim, the State satisfied the aggravated assault's allegation of using a deadly weapon. *Id.* at 318.[9] "Bodily injury may be anticipated as a logical consequence of the use of a deadly weapon. If the perpetrator has used deadly force to abduct the victim, the threat of bodily injury generally will involve 'imminent' injury." *Id.* Here, aggravated kidnapping was alleged as abducting Regina with the intent to cause bodily injury. Aggravated assault, though, as indicted, required evidence of serious bodily injury, a higher and distinct level of injury than bodily injury. *See McCrary*, 327 S.W.3d at 175.

"When the same conduct violates more than one distinct penal statute and each statute requires proof of a fact that the other does not, it is *presumed* that the two offenses are not the

---

[9]The court declined to "quibble over any arguable difference between" deadly force and use of a deadly weapon. *Girdy*, 213 S.W.3d at 318.

same and that the Legislature intended to authorize multiple punishments." *Id.* at 172 (alteration in original) (citing *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). There is no double-jeopardy violation in Mickens's conviction of the aggravated assault of Regina, where he was also convicted of her aggravated kidnapping. We, therefore, overrule Mickens's fourth point of error.

**V.      The Trial Court Erred in Assessing Court Costs**

In his last point of error, Mickens correctly points out that, while court costs were properly assessed against him in *Mickens v. State*, cause number 06-19-00195-CR, the trial court erred when it also assessed court costs in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (where defendant convicted of two or more offenses in a single criminal action, court costs may only be assessed once). The State agrees that this was error.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id*. (quoting *Asberry*, 813 S.W.2d at 529–30). We, therefore, modify the trial court's judgment by deleting the inclusion of court costs.

11

## VI. Conclusion

As modified, the trial court's judgment is affirmed.

Scott E. Stevens
Justice

Date Submitted:     August 26, 2020
Date Decided:       October 9, 2020

Do Not Publish