

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NOS. 02-10-00440-CR
## 02-10-00441-CR

RYAN AKINS                                                        APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ryan Akins appeals his convictions for four counts of aggravated robbery.[2] In two related issues, he contends that his trial counsel was ineffective and that his pleas were involuntary. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).

## Background Facts

A grand jury indicted appellant with four counts of aggravated robbery through two indictments that contained two counts each.[3] The trial court appointed counsel to represent appellant. Appellant entered open guilty pleas, received admonishments about the pleas, judicially confessed, waived several constitutional and statutory rights, and elected the jury to assess his punishment. During a hearing in which the trial court accepted the pleas, the following colloquy occurred:

> THE COURT: Okay. I just wanted to be sure we had good pleas on all four counts. And you're pleading guilty in all four of those counts because, in fact, you are guilty and for no other reason. Is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Any questions for me?
>
> . . . .
>
> THE DEFENDANT: Yes.
>
> THE COURT: What questions do you have?
>
> THE DEFENDANT: Oh, I was just wondering why it was four?
>
> THE COURT: Well, because it looks like from the indictments -- I don't know all about the facts, but it looks like from the

_____

[3]According to the indictments, appellant committed one robbery that had two victims on May 7, 2009, and he committed another robbery that had two victims on May 27, 2009. *See McCrary v. State*, 327 S.W.3d 165, 176 (Tex. App.—Texarkana 2010, no pet.) ("[T]he allowable unit of prosecution for robbery . . . is each victim."). The indictments alleged that appellant used or exhibited a firearm in each robbery.

indictments that there was more than one person that was threatened and robbed in each case.

> [DEFENSE COUNSEL]: That's what I've explained to him, Judge.

> THE COURT: Right. In Count -- for example, in [Count I], there was one victim . . . and then there is another victim that is in Count II . . . . So two people were there and threatened by the firearm and robbed when the money was taken. That's what it looks like in the indictment.

> But your attorney, I'm sure, has explained that all to you.

> ([Defense counsel] conferred with the Defendant.)

> [THE STATE]: And, Judge, I can verify that. It's two separate robberies, two people at each place.

> THE COURT: Right.

> [DEFENSE COUNSEL]: I think he understands, Judge.

> THE COURT: All right. Any other questions?

> THE DEFENDANT: No, sir.

After the jury heard evidence from several witnesses regarding appellant's punishment, it assessed twenty years' confinement on each count.[4] Appellant brought this appeal.

## Effectiveness of Counsel

In his first issue, appellant contends that his trial counsel was ineffective because counsel did not adequately explain that by pleading guilty, appellant

---

[4]Appellant's sentences are running concurrently. Because appellant's issues do not relate to the punishment phase of his trial, we will not detail the evidence presented during that phase.

3

was subjecting himself to four punishments instead of two. To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair and reliable trial. 466 U.S. at 687, 104 S. Ct. at 2064.

Appellant contends that his trial counsel did not "fully inform him of the fact that he was entering a plea of 'guilty' to four punishable offenses rather than only

4

two." He argues that he "was not informed that he was subjecting himself to twice the punishment range that he expected when he entered his plea." The record does not support these assertions. As shown above, after the trial court explained that the indictments alleged that two people were robbed in each case, appellant's counsel said, "That's what I've explained to him, Judge." Nothing in the record contradicts counsel's statement that he had informed appellant about the indictments before the hearing.

Even if we were to assume, however, that appellant's counsel misrepresented that he had explained the charges to appellant and that counsel's failure to explain the charges fell below the standard of prevailing professional norms, appellant cannot show a reasonable probability that the result of the trial court's proceedings would have been different. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Appellant contends that he would not have pled guilty if he would have known "that he was subjecting himself to twice as [much] punishment as he originally believed." But appellant did not present evidence supporting that position in the trial court through a motion for new trial or otherwise, and we may not simply infer ineffective assistance based on unclear portions of the record. *See Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007); *see also Ex parte Preston*, 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh'g) (holding that assertions in an appellate brief that are unsupported by the record will not be accepted as fact); *cf. Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) (holding that the defendant's trial

counsel's testimony was sufficient to establish that but for counsel's advice, the defendant would not have pled guilty). Furthermore, during the hearing on appellant's pleas, the trial court and the prosecutor explained the contents of the indictments to appellant, and appellant said that he did not have further questions. Appellant's counsel also conferred with appellant after appellant asked his question to the trial court. Appellant did not seek to withdraw his pleas. *See Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004) ("It is reasonable to put on . . . a defendant the requirement of timely seeking, in one way or another, to withdraw the plea of guilty.")

For these reasons, we hold that appellant has not satisfied either element of an ineffective assistance claim, and we overrule appellant's first issue. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Clark v. State*, 324 S.W.3d 620, 633 (Tex. App.—Fort Worth 2010, pet. ref'd).

**Voluntariness of Appellant's Pleas**

In his second issue, appellant argues that his pleas were involuntary because he was not aware that he "had to enter a plea to all four counts in order to plead 'guilty' to committing two robberies." To be constitutionally valid, a guilty plea must be knowingly and voluntarily made. *See Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); *Aguirre–Mata v. State*, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003) (noting that there must be a showing "spread on the record" that a guilty plea is intelligent and voluntary). We must examine the whole record to determine the voluntariness of appellant's pleas. *Williams v.*

6

*State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). Before the trial court accepted appellant's guilty pleas, it ensured that appellant understood he was giving up constitutional and statutory rights freely and voluntarily and knew of his punishment range. "When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary. The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his plea." *Ribelin v. State*, 1 S.W.3d 882, 884 (Tex. App.—Fort Worth 1999, pet. ref'd) (citations omitted); *see Ex parte Karlson*, 282 S.W.3d 118, 130–31 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)).

Appellant cannot meet that burden. There is no evidence that appellant was uninformed or misinformed by his counsel or anyone else about the consequences of his pleas before he discussed them with the trial court. While he initially expressed confusion about the number of charges he was pleading guilty to, the trial court, the State, and possibly his counsel (based on the off-the-record discussion) explained why he was pleading guilty to four robberies instead of two, and appellant then stated that he had no further questions without seeking to withdraw the pleas. Thus, we conclude that he cannot prove harm. *Crumpton v. State*, 179 S.W.3d 722, 724 (Tex. App.—Fort Worth 2005, pet. ref'd) (mem. op.) ("The appellant bears the burden of

7

demonstrating that he was harmed because he did not fully understand the consequences of his plea.").

For these reasons, we overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgments.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 21, 2011