

IN THE
TENTH COURT OF APPEALS

No. 10-11-00443-CR

QUINTON DEONDRAE HENRY,

                                                              Appellant

 v.

THE STATE OF TEXAS,

                                                              Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-1922-C2

MEMORANDUM OPINION

Appellant, Quinton Deondrae Henry, was charged by indictment with one count of murder, a first-degree felony, and five counts of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 19.02, 22.02 (West 2011). On appeal, Henry challenges two of his aggravated-assault-with-a-deadly-weapon convictions. We reverse Henry's convictions in Counts 2 and 5 of the indictment and render judgments of acquittal in those counts; we affirm Henry's remaining convictions.

# I.  BACKGROUND AND DISCUSSION

Counts 2 and 3 of the indictment alleged the same offense—aggravated assault with a deadly weapon—occurring on the same date and involving the same victim—Latoya Hamilton.  The only difference between these two counts is the manner and means in which the alleged offenses were committed.  Counts 4 and 5 of the indictment also allege the same offense—aggravated assault with a deadly weapon—occurring on the same date and involving the same victim—Jamie Toney.  And, once again, the only difference between these two counts is the manner and means in which the alleged offenses were committed.

On appeal, Henry argues that the Double Jeopardy Clause to the Fifth Amendment of the United States Constitution was violated in this case because Counts 2 and 3 allege the same offense, involve the same victim, and differ only in the manner and means in which each offense was committed, and because section 22.02 of the Texas

Penal Code "has only one 'allowable unit of prosecution' for each victim."[1]  Henry makes identical arguments with respect to Counts 4 and 5 of the indictment.[2]

The State concedes that Counts 2 and 3 and Counts 4 and 5 violate the Double Jeopardy Clause.  *See* U.S. CONST. amend. V.  As such, the State requests that we reverse Henry's convictions in Counts 2 and 5, vacate Henry's sentences in Counts 2 and 5, and affirm the remaining four convictions in Counts 1, 3, 4, and 6.  After reviewing the record, we agree that Counts 2 and 3 and Counts 4 and 5 violated the Double Jeopardy Clause, *see id.*; accordingly, we sustain Henry's issue on appeal.

## II.  CONCLUSION

Having sustained Henry's issue on appeal, we reverse and render judgments of acquittal as to Counts 2 and 5 of the indictment and affirm all remaining counts.  *See*

---

[1] *See* U.S. CONST. amend. V (providing that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . ."); TEX. PENAL CODE ANN. § 22.02 (West 2011); *McCrary v. State*, 327 S.W.3d 165, 176 (Tex. App.—Texarkana 2010, no pet.) (recognizing that:  (1) we examine the allowable unit of prosecution, which is defined by the Legislature and determines if one course of conduct results in more than one offense; (2) usually analysis of an allowable unit of prosecution involves a situation in which two offenses from the same statutory section are charged; and (3) "[t]he allowable unit of prosecution for an assaultive offense is each victim" (citing *Bigon v. State*, 252 S.W.3d 360, 371-72 (Tex. Crim. App. 2008); *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006); *Hawkins v. State*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999) (internal quotations omitted))); *see also Johnson v. State*, No. PD-0068-11, 2012 Tex. Crim. App. LEXIS 479, *16 (Tex. Crim. App. Mar. 21, 2012) (noting that double-jeopardy jurisprudence requires the determination of the "allowable unit of prosecution," which constitutes the focus or gravamen of the offense, and that "[t]he aggravated assault offense at issue is a result-of-conduct crime with the focus or gravamen being the victim and the bodily injury that was inflicted").

[2] Henry admits in his appellate brief that he did not object or file a pre-trial motion raising the issue of double jeopardy.  However, "[a]ppellate courts have the jurisdiction and authority to review unassigned error."  *Bigon*, 252 S.W.3d at 369.  "In the case of a double-jeopardy violation, the issue may be addressed as an unassigned error when the violation is apparent from the face of the record."  *Id.*; *see Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd) ("However, an appellant may raise a double jeopardy claim for the first time on appeal (1) when the undisputed facts show the double jeopardy claim violation is clearly apparent from the face of the record, and (2) when enforcement of the usual rules of procedural default serve no legitimate state purpose.").  It is undisputed that the errors Henry complains about are apparent from the face of the record.  *See Bigon*, 252 S.W.3d at 369; *see also Rangel*, 179 S.W.3d at 70.

*Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008) ("When a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions.") (citing *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006); *Landers v. State*, 957 S.W.2d 558, 559-60 (Tex. Crim. App. 1997)).


                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed, in part, and reversed and rendered, in part
Opinion delivered and filed June 27, 2012
Do not publish
[CRPM]