

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00025-CR
_____

DAVID ANTHONY CASERTA, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 24754

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

David Anthony Caserta was convicted by a jury in Lamar County of conspiracy to manufacture methamphetamine in an amount between one and four grams. The level of the offense charged was a third degree felony but punished as a second degree felony based upon an enhancement. The trial court assessed the punishment and sentenced Caserta to twenty years' imprisonment.

## I.      Factual Background

Following a traffic stop and search[1] of Caserta's vehicle, Sergeant Anson Amis found ephedrine tablets (two twenty-count boxes), a one-pound can of lye, a can of Coleman camping fuel, two instant cold packs, a five-gallon bucket, and a drill bit. Another individual was in the vehicle with him during his shopping trip and is evidently the person with whom the State alleged Caserta was engaged in a conspiracy. The State does not suggest that Caserta had all of the items necessary to manufacture methamphetamine but that he was engaged in a conspiracy to use those items as part of the materials necessary to manufacture the drug.

## II.      Lesser-Included Charge

Caserta raises a single issue on appeal; he argues that the trial court erred by refusing to instruct the jury on a lesser-included offense. The jury was charged on conspiracy to manufacture methamphetamine in an amount between one and four grams. The trial court denied a request that the jury be allowed to consider whether Caserta was guilty of the lesser-included offense of conspiracy to manufacture less than one gram of methamphetamine.

---

[1]There is no challenge to the validity of the arrest or search.

The determination of whether a lesser-included offense instruction requested by a defendant must be given requires a two-step analysis. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (plurality op. on reh'g).

The first step inquires whether the alleged lesser-included offense is included within the proof necessary to establish the offense charged. *McKithan v. State*, 324 S.W.3d 582, 587 (Tex. Crim. App. 2010). We must compare the statutory elements and any descriptive averments in the indictment for the greater offense with the statutory elements of the lesser offense. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). Because "a defendant cannot be held to answer a charge not contained in the indictment brought against him," the evidence produced at trial does not determine the lesser-included offenses. *Schmuck v. United States*, 489 U.S. 705, 717 (1989); *see Watson*, 306 S.W.3d at 263.

The second step of the analysis is to determine if there is some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011); *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006). The evidence must establish the lesser-included offense as "a valid rational alternative to the charged offense." *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008). We review all of the evidence presented at trial. *Hayward v. State*, 158 S.W.3d 476, 478–79 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 673.

3

Caserta contends that the evidence elicited by the State could reasonably have led a jury to determine that the quantity of ingredients he possessed might have allowed the manufacture of less than one gram. Therefore, he argues, both the greater and lesser-included offenses found some support in the evidence, and the jury should have been given the lesser charge so that it could determine which to apply.

## A.    Must the State Prove the Amount of Contraband?

An offense is a lesser-included offense if the lesser offense is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX. CODE CRIM. PROC. ANN. art. 37.09(1). The State's first argument begins with the premise that in determining whether an offense is a lesser-included offense, we should compare the statutory elements of the alleged offense with the elements of the potential lesser-included offense. By focusing on the statute regarding the crime of conspiracy, TEX. PENAL CODE ANN. § 15.02(a)(1), (2) (West 2011), the State argues that the quantity of the controlled substance is not an essential element of proof; therefore, there can be no lesser-included offense. Hence, the State concludes, Caserta was not entitled to such an instruction. We disagree with this analysis.

"A person commits criminal conspiracy if, with the intent that a *felony* be committed[, he commits certain acts]." TEX. PENAL CODE ANN. § 15.02(a) (West 2011) (emphasis added). By its nature the crime of criminal conspiracy applies to the particular felony alleged in the indictment. With no underlying felony, there is no criminal action about which to conspire. The conspiracy statute defines the level of the offense by direct reference to the category of the felony that is the object of the conspiracy ("one category lower than the most serious felony that

4

is the object of the conspiracy"). TEX. PENAL CODE ANN. § 15.02(d) (West 2011). Without that linkage, there is no way to determine the range of the offense that the State is prosecuting. To determine the "most serious felony that is the object of the conspiracy" and, thereby, determine the punishment level, we must look at the underlying felony that the defendant allegedly conspired to commit. In this instance, the felony which Caserta allegedly conspired to commit was manufacturing a controlled substance of more than one but less than four grams, which clearly requires proof of an amount of the controlled substance. Accordingly, as the felony is read into the elements of the conspiracy statute, the State must prove the quantity of controlled substance that the defendant conspired to make, and the proper punishment range is determined by that allegation.

## B. Does the Evidence Raise a Lesser Offense?

Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser-included offense jury instruction. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). However, it is not sufficient that the jury might have disbelieved evidence pertaining to the greater offense. *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). There must be some evidence directly germane to a lesser-included offense for the fact-finder to consider before an instruction on a lesser-included offense is warranted. *Id.*; *McCrary v. State*, 327 S.W.3d 165, 179 (Tex. App.—Texarkana 2010, no pet.).

Caserta points to certain evidence at trial that he maintains is sufficient to entitle him to a lesser-included offense instruction. Because Caserta was charged with a conspiracy theory of liability, he is entitled to the lesser instruction only if there is some evidence in the record that

5

the amount of methamphetamine that could have been manufactured from the items in his possession was less than one gram. Caserta correctly points out that there is neither evidence that he had actually manufactured methamphetamine, nor any indication of his skill level. The only evidence about the quantity was from officers who opined about the amount that could be manufactured from the quantity of ingredients found in Caserta's vehicle.

Sergeant Amis testified that two boxes were found, each containing approximately 2.4 grams of pseudoephedrine. According to Amis, from this amount of pseudoephedrine, approximately one gram of methamphetamine could be made from each box. Detective Tommy Moore testified as an expert witness. He explained to the jury how methamphetamine is made and testified that although different cooks could obtain differing amounts of methamphetamine from the two boxes of pseudoephedrine, a conservative production estimate would be two grams. On cross-examination, he acknowledged uncertainty concerning the exact amount that could be made because of the different methods of production and the effect of having different cooks. The record contains no evidence that an even inexperienced cook could produce less than half of the amount of the officers' production estimates.

Caserta also testified at trial, and according to his testimony, he purchased the cold remedies to use as cold remedies, not to make methamphetamine. This does not constitute evidence that he was conspiring to produce less than one gram, it is a complete denial that he was planning to make any methamphetamine at all.

We have reviewed all of the evidence. Although one could speculate that an incompetent cook might completely fail to make methamphetamine despite having the necessary ingredients,

6

there is no evidence about Caserta's level of expertise and no evidence that an incompetent cook might make less than half of the average production amount (while still making some methamphetamine). Even so, the question here is not how much methamphetamine he made, but how much he conspired to make. According to the testimony, Caserta had the materials to make two grams. Thus, the only evidence is that he was conspiring to make that amount, and there is no evidence from which a rational jury could acquit Caserta of the greater offense while convicting him of the lesser-included offense (making less than one gram).

Accordingly, the trial court did not err by denying the requested instruction on a lesser-included offense.

We affirm the judgment.


                                                    Jack Carter
                                                    Justice


Date Submitted:        September 5, 2013
Date Decided:          September 24, 2013

Do Not Publish

7