Ricky CHESTNUT, Appellant,

v.

The STATE of Texas, Appellee.

No. 54590.

Court of Criminal Appeals of Texas.
Panel No. 3.

May 24, 1978.

Rehearing en banc Denied June 28, 1978.

John R. Francis, Temple, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery; punishment was assessed at twenty years.

This appears to be a case of first impression. In his only ground of error, appellant contends the trial court erroneously admitted at the punishment stage three prior misdemeanor convictions for assault obtained in the Municipal Court of the City of Temple. The parties agree that disposition of this issue is controlled by Article 37.07, Sec. 3(a), V.A.C.C.P., which provides:

"Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or *any final conviction material to the offense charged.*" (Emphasis added.)

In *Ramos v. State,* Tex.Cr.App., 419 S.W.2d 359, the Court noted the addition of the emphasized language, and the sentence in which it appears, by the 1967 amendment to the statute. Although not controlling in that case, the Court observed:

"It would thus appear in the future that a simple assault conviction occurring in a court of record either as a primary charge or as a lesser and included offense would be admissible as part of a defendant's prior criminal record without regard to its materiality to the offense for which he is on trial; but if the simple assault conviction occurred in a Justice or Corporation Court [not a court of record], such conviction is inadmissible unless material to the offense charged."

The issue presented is whether the misdemeanor convictions in municipal court are material to the aggravated robbery for which appellant stood convicted at the punishment stage of the trial.

The robbery victim testified that two men held him up when he was driving his taxi. Appellant was in the back seat and his accomplice rode in front. The accomplice held a gun on the driver while appellant held him with his hand over the vic-

tim's mouth. He was then removed from the car and searched by appellant, who took a wallet with two hundred dollars from his pocket.

The prior misdemeanor convictions were each for assault under V.T.C.A., Penal Code Sec. 22.01(a)(3), which provides:

"A person commits an offense if he:

"·  ·  ·

"(3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative."

Appellant testified that in each of the instances for which a misdemeanor conviction was obtained, he had engaged in a fight with someone.

A conviction for assault under Sec. 22.-01(a)(3), supra, does not necessarily show an instance of a violent physical attack because the prohibition of offensive or provocative physical contact is broader than just of violence. Here, however, appellant's testimony shows the prior convictions were for physical violence against the person.

Although robbery and aggravated robbery are classified as offenses against property, V.T.C.A., Penal Code Title 7, the taking of property is no longer an essential element of the offense. *Earl v. State,* Tex. Cr.App., 514 S.W.2d 273. The primary interest protected by the robbery offenses is the security of the person from bodily injury or threat of bodily injury that is committed in the course of committing theft. V.T.C.A., Penal Code Secs. 29.02, 29.03. The security of the person from such injury and threats is also the central interest protected by the assault provisions of the code, and much of the statutory language is the same. Compare, Secs. 22.01 and 22.02 with 29.02 and 29.03, supra. Convictions for assault often will be material under Art. 37.07, Sec. 3(a), supra, at the punishment stage of robbery prosecutions.

In this case, however, the misdemeanor or assault convictions were not under either of those portions of Sec. 22.01, supra, that also are elements of robbery. See, Sec. 22.-01(a)(1) and (2), supra. Nevertheless, as stated above, the evidence does show appellant's misdemeanor convictions were for physical violence against the person. Under the facts of this case we hold the misdemeanor convictions, although not in a court of record, were admissible under Art. 37.07, Sec. 3(a), supra, because they were material to the offense charged.

The ground of error is overruled.

The judgment is affirmed.

ROBERTS, J., dissents.