

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00120-CR

---

Jose Roberto Lopez, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 187th District Court
Bexar County, Texas
Trial Court No. DC2023CR9068

---

## MEMORANDUM OPINION[1]

In two issues, Appellant Jose Roberto Lopez appeals his convictions for aggravated robbery with a deadly weapon and aggravated assault, asserting jury-charge error and a double jeopardy violation. We affirm.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns a dispute over a bicycle between Lopez and the complainant, Roberto Esquivel, who were former coworkers. At trial, Esquivel testified that the bicycle was given to him by a friend about two months before the night he claims Lopez attacked him. Esquivel stated that as he rode his bicycle home, Lopez, who lived in the neighborhood, called out his name and asked what he was doing. When Esquivel approached, Lopez claimed the bicycle was his, and they began to "struggle[e] over the bike[.]" In his recorded interview, Lopez admitted that he confronted Esquivel over the bicycle and attacked Esquivel before Esquivel had the chance to hit him. Lopez also admitted that he took the bicycle and left. Esquivel then crawled to the nearest home to seek help. Esquivel suffered lacerations to his head and eye and sustained permanent vision loss in one eye.

After an investigation, Lopez was charged with one count of aggravated robbery with a deadly weapon and one count of aggravated assault. At trial, the officer who responded to the scene and the detective who interviewed Lopez testified about the investigation; Esquivel recounted the night of the attack; and a crime scene investigator testified about evidence recovered at the scene—a wooden object that seemed to come from a shovel and a trail of blood that led to the house where Esquivel sought help. The jury found Lopez guilty of both counts and made the affirmative finding of use of a deadly weapon. Tex. Penal Code §§ 29.03, 22.02(A)(1). The trial court sentenced Lopez to 40 years' confinement on count one and 50 years' confinement on count two in accordance with the jury's recommendation. This appeal followed.

## II. JURY CHARGE

In his first issue, Lopez argues that the trial court erred by not including a self-defense instruction in its charge to the jury.

### A. Standard of review

We review alleged jury-charge error to determine: (1) whether the jury charge was erroneous; and (2) if error is found, whether the record shows that the error resulted in harm, applying the appropriate harm analysis determined by whether the error was preserved for appeal. *Jackson v. State*, No. 05-15-00414-CR, 2016 WL 4010067, at *8 (Tex. App.—Dallas July 22, 2016, no pet.) (mem. op.) (citing *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015), *Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010)). When the error was preserved by a timely objection, we review the record to determine if the error caused the defendant "some harm." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). If a reviewing court concludes that the jury charge was not erroneous, it need not conduct a harm analysis. *Cortez*, 469 S.W.3d at 598.

### B. Analysis

As a threshold matter, the State maintains that Lopez did not preserve his complaint for review, arguing that although Lopez lodged a "general objection, he failed to provide sufficient specificity to let the court know which counts the instruction would apply to, and whether it would include an instruction under [Texas Penal Code §] 9.31, 9.32, or some other section."[2] *See*

---

[2] At trial, the State objected as follows:

| | |
|---|---|
| The Court: | Any objections to the charge as presented? |
| [The State]: | No objections. |
| [Defense counsel]: | Yes, ma'am. We object to the noninclusion of a self defense instruction. I believe there is sufficient evidence to establish that. |
| | .     .     . |
| [The State]: | Our response is that they are not entitled to an instruction under the law. There has been no evidence to support the defendant acted in self-defense. The testimony that was elicited during the trial is that the complainant never even was able to strike or defend himself against the |

Tex. Code Crim. Proc. art. 36.14 (defendant "shall . . . distinctly specify[ ] each ground of objection"); Tex. R. App. P. 33.1(a)(1)(A) (requiring "sufficient specificity" to make trial court aware of complaint); *Mays v. State*, 318 S.W.3d 368, 382–83 (Tex. Crim. App. 2010) (party must apprise trial court and opposing party "of what defensive jury instructions [he] wants *and why he is entitled to them*") (emphasis added). However, we do not reach the issue of preservation. Preservation determines the applicable harm analysis. *Cortez*, 469 S.W.3d at 598. Because we find no error in the jury charge, that conclusion is dispositive and we need not conduct a harm analysis. *See id*. at 598 ("Because we conclude that the charge was not erroneous in this case, we do not conduct a harm analysis.").

A person is justified in using "force against another" when he "reasonably believes the force is immediately necessary" to protect himself from another's use or attempted use of unlawful force. Tex. Penal Code § 9.31. "It is well settled that if the evidence raises the issue of self-defense, the accused is entitled to have it submitted to the jury." *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984) (en banc). A claim of self-defense must be supported by the record, and the defendant bears the initial burden of producing evidence supporting submission of an issue on this defense. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). There must be some evidence to show that Lopez reasonably believed use of force was immediately necessary to protect himself against Esquivel's use or attempted use of unlawful force. *See id*.; Tex. Penal Code § 9.31. However, if the evidence, when viewed in the light most favorable to the defendant's

---

|  |  |
|---|---|
|  | defendant because the defendant immobilized him so quickly, so those facts do not give rise to an instruction for self-defense, Your Honor. |
| The Court: | All right. The Court then will not include the self-defense instruction in the charge. Any other objections? |
| [Defense counsel]: | Nothing further from the defense, Your Honor. |

requested defensive instruction, does not establish a case of self-defense, an instruction is not required. *See Dyson*, 672 S.W.2d at 463. A defendant's use of force against another individual is not justified if the defendant provoked the other individual's use or attempted use of unlawful force. Tex. Penal Code § 9.31(b)(4) (providing that an actor's use of force against another is not justified if, among other things, the "actor provoked the other's use or attempted use of unlawful force"). When there is no dispute that a defendant provoked the other's use or attempted use of force, a defendant is not entitled to a self-defense instruction. *Lavern v. State*, 48 S.W.3d 356, 361 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Additionally, the Texas Penal Code does not allow a person to respond to another's use of force by committing a robbery. Tex. Penal Code § 9.31(b)(4). As we have concluded before, and as other courts have recognized, "a defendant who is charged with the offense of robbery and/or aggravated robbery has no legal right to claim self-defense against his intended victim, and is therefore not entitled to receive a self-defense instruction." *Macias v. State*, No. 08-17-00144-CR, 2019 WL 4058584, at *5 (Tex. App.—El Paso Aug. 28, 2019, pet. ref'd); s*ee, e.g.*; *Russell v. State*, No. 05-17-00124-CR, 2018 WL 525559, at *10 (Tex. App.—Dallas Jan. 24, 2018, pet. ref'd) (mem. op., not designated for publication) (defendant had no right to a jury instruction on self-defense with regard to robbery allegations in indictment); *Gorman v. State*, No. 04-03-00311-CR, 2004 WL 2450875, at *1 (Tex. App.—San Antonio Nov. 3, 2004, pet. ref'd) (mem. op., not designated for publication) (defendant charged with aggravated robbery with a deadly weapon had no right to receive a jury instruction on the law of self-defense).

Trial evidence indisputably showed that Lopez provoked the altercation. Esquivel testified that as he rode his bicycle home, the following occurred:

> Well, he just called my name out, and so I turned back. And he just like, "Hey, what are you doing?" Like I said, "Going home." And then that's when he just grabbed

the bike and started saying that it was his bike, and we were struggling over the bike, and at the same time my phone fell out of my pocket. So, when he had flipped the bike over saying that it had a weld on there or something he had did, and, you know, I saw it, I said -- and so when I went to pick up my phone and I was holding the bike, that's when he struck me in the back first back here.

Lopez did not testify at trial. "In the unusual circumstance when a self-defense instruction is required in the absence of a defendant's testimony, the court must find some evidence of the defendant's intent through the defendant's conduct or statements made by the defendant during or shortly after the offense." *Booker v. State*, No. 14-24-00292-CR, 2025 WL 2962592, at *4 (Tex. App.—Houston [14th Dist.] Oct. 21, 2025, no pet.) (mem. op., not designated for publication). In Lopez's recorded interview, Lopez admitted that he provoked the altercation over the bicycle.[3] Lopez stated that he confronted Esquivel and claimed the bicycle was his: "I confronted him, he denied it." When Esquivel denied that it was Lopez's bicycle, Lopez stated that "pissed [him] off"; he admitted that he tried to get the bicycle back with his "fists" and struck Esquivel with a beer bottle. Lopez stated they "fought" and he "got [his] bike and took off." Lopez confirmed that Esquivel did not hit him and explained that Esquivel did not even "have a chance" to hit him (Lopez) because he (Lopez) "immobilized [Esquivel] quick."

Although Lopez did not articulate in the trial court which charge he believed warranted a self-defense instruction, we find that he was not entitled to a self-defense on either charge. There was no evidence justifying self-defense—no evidence that Lopez had a belief that force was immediately necessary to protect himself against Esquivel's use or attempted use of unlawful force. *See* Tex. Penal Code § 9.31(a). Provocation also was not a fact issue since Lopez, by his own admission, established that he provoked the altercation and that Esquivel never had the chance to use force against him. The State argued at trial that Lopez was not entitled to a self-defense

---

[3] State's Exhibit 13 was admitted at trial without objection and published to the jury.

6

instruction because there was no evidence to support that he acted in self-defense, and evidence showed "that the complainant never even was able to strike or defend himself against the defendant because the defendant immobilized him so quickly, so those facts do not give rise to an instruction for self-defense." The trial court agreed and denied Lopez's request for a self-defense instruction. We, too, agree. Lopez was not entitled to a self-defense instruction as to his aggravated assault charge. Lopez was further not entitled to a self-defense instruction as to his aggravated robbery charge because a "a robber has no right of self-defense against his victim." *Westley v. State*, 754 S.W.2d 224, 230 (Tex. Crim. App. 1988) (en banc).

Because there was no evidence justifying self-defense and it was undisputed that Lopez provoked the altercation, and because Lopez was charged with aggravated robbery with a deadly weapon, he was not entitled to a self-defense instruction. *See Lavern*, 48 S.W.3d at 361 ("A defendant is not entitled to a charge on self-defense where there is no dispute that he provoked the other's use or attempted use of force.") (citing *Dyson*, 672 S.W.2d at 463); Tex. Penal Code § 9.31(b)(4) ("The use of force against another is not justified . . . if the actor provoked the other's use or attempted use of unlawful force[.]"); *Westley*, 754 S.W.2d at 230 ("Initially we note that a robber has no right of self-defense against his victim. This is especially true when the victim is justified in acting to recover his property, prevent the offense or save another person. It would be ludicrous to consider the victim's justified actions as provocation for the appellant's illegal act."). We find no error in the jury charge. Issue One is overruled.

## III. DOUBLE JEOPARDY

In his second issue, Lopez contends that his convictions for aggravated robbery with a deadly weapon and aggravated assault with a deadly weapon "constitute multiple punishments for the same offense," in violation of double jeopardy.

### A. Standard of review and applicable law

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Double jeopardy protects an accused against multiple punishments for the same offense. *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). Multiple-punishments claims arise in two situations: (1) when a greater and a lesser-included offense punish the same conduct twice—once for the basic conduct and a second time for that conduct plus more; and (2) when two distinct statutes punish the same criminal act and the Legislature intended to punish the conduct only once. *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013). "Aggravated assault may be a lesser-included offense of aggravated robbery, depending upon the facts proved." *Id.*

Under the Penal Code, and as applicable here, a person commits the offense of aggravated assault if he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and causes serious bodily injury to another. Tex. Penal Code § 22.02. A person commits aggravated robbery if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he causes serious bodily injury to another or uses or exhibits a deadly weapon. Tex. Penal Code § 29.03.

### B. Analysis

We must determine whether Lopez's convictions and punishments for aggravated robbery with a deadly weapon and aggravated assault violated double jeopardy. Lopez argues he received multiple punishments for the same offense because aggravated assault with a deadly weapon is a lesser-included offense of aggravated robbery. We disagree.

8

To determine whether there have been multiple punishments for the same offense, we apply the "same elements" test established by the United States Supreme Court in *Blockburger*:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932). A *Blockburger* analysis is the starting point for a multiple-punishments analysis. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304. "[I]n Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging instrument." *Bigon*, 252 S.W.3d at 370 (citing *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994)); *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) (recognizing that "courts must focus on the elements alleged in the charging instrument—not on the offense as defined in the Penal Code"). "Application of *Blockburger* does not serve, however, to negate otherwise clearly expressed legislative intent." *Villanueva v. State*, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007). "An accused may be punished for two offenses that would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be." *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008).

Under the so-called cognate-pleadings approach, we begin by comparing the elements of aggravated assault with a deadly weapon and aggravated robbery as the State alleged in the indictment. *See Garifas*, 424 S.W.3d at 58. Lopez's indictment for aggravated robbery with a deadly weapon alleged that on or about the 8th day of May, 2023, Lopez:

while in the course of committing theft or property and with intent to obtain and maintain control of said property, did use and exhibit a deadly weapon, namely: a wooden object, a metal pipe, and a glass bottle, that in the manner of its use and intended use was capable of causing death and serious bodily injury, and defendant did intentionally, knowingly and recklessly cause bodily injury to Abel Esquivel . . . by striking [Esquivel] with said deadly weapon.

*See* Tex. Penal Code § 29.03. As for Lopez's indictment for aggravated assault, the State alleged that on or about the 8th day of May, 2023, Lopez:

intentionally, knowingly and recklessly cause[d] serious bodily injury to [Esquivel] by striking [Esquivel] with a wooden object, a metal [] pipe, and a glass bottle.

*See* Tex. Penal Code § 22.02.

The Texas Penal Code provides that a person commits aggravated robbery, as applicable here, if he commits robbery as defined in § 29.03, and he:

(1) causes serious bodily injury to another;
(2) uses or exhibits a deadly weapon;

Tex. Penal Code § 29.03. Here, Lopez's indictment alleged bodily injury (as opposed to serious bodily injury), and that Lopez used and exhibited a deadly weapon. A person commits aggravated assault if he commits assault as defined in § 22.01 and:

(1) causes serious bodily injury to another, including the person's spouse; or
(2) uses or exhibits a deadly weapon during the commission of the assault.

Tex. Penal Code § 22.02. To prove aggravated assault with a deadly weapon, the State had to show that Lopez caused serious bodily injury "by striking Esquivel with a wooden object, a metal [] pipe, and a glass bottle." However, for the aggravated robbery charge, though the State had to prove that this same conduct occurred during the commission of a theft, it was only required to prove "bodily injury" rather than "serious bodily injury." The State's allegation does not include the element of serious bodily injury. The term "bodily injury" is defined as "physical pain, illness, or any impairment of physical condition," while "serious bodily injury" is defined as "bodily injury

10

that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code §§ 1.07(a)(8), 1.07(a)(46). Thus, "[b]y definition, these statutory elements differ by degree of severity. The allegation of 'bodily injury' does not include 'serious bodily injury.'" *McCrary v. State*, 327 S.W.3d 165, 175 (Tex. App.—Texarkana 2010, no pet.).

"We then ask the question that Article 37.09[1] poses: are the elements of the lesser offense 'established by proof of the same or less than all the facts required to establish[ ] the commission of the offense charged?'"[4] *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007); Tex. Penal Code § 37.09. Because aggravated assault, as indicted, requires proof of "serious bodily injury," while aggravated robbery, as indicted, requires proof of only "bodily injury," the elements of aggravated robbery—the greater offense—do not prove aggravated assault. The two offenses are distinct under *Blockburger* because each requires proof of an element that the other does not. But our analysis does not end here. "The *Blockburger* test does not operate, however, to trump 'clearly expressed legislative intent.'" *Garza v. State*, 213 S.W.3d 338, 351–52 (Tex. Crim. App. 2007) (citations omitted).

The Texas Court of Criminal Appeals set forth a non-exclusive list of factors to consider when deciding whether two offenses are the same for double-jeopardy purposes. *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999). These factors include:

> whether offenses are in the same statutory section; whether the offenses are phrased in the alternative; whether the offenses are named similarly; whether the offenses have common punishment ranges; whether the offenses have a common focus; whether the common focus tends to indicate a single instance of conduct; whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and whether there is legislative history containing an

---

[4] Article 37.09 of the Texas Code of Criminal Procedure generally defines lesser-included offenses. Tex. Penal Code § 37.09.

articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes.

*Bigon*, 252 S.W.3d at 371.

Aggravated robbery and aggravated assault appear in different statutory sections, and the Penal Code does not name them in the alternative. *See* Tex. Penal Code § 29.03, 22.02. Aggravated assault is a second-degree felony and aggravated robbery is a first-degree felony, and they carry different punishment ranges. *See id*. These factors indicate the Legislature's intent to impose multiple punishments for violations of each offense.

As for the common focus as pleaded factor, both aggravated assault and aggravated robbery focus on bodily injury to the victim, and both offenses are result-oriented with injury as the result. Under the Penal Code, robbery is a form of assault. *See Ex parte Hawkins*, 6 S.W.3d 554, 559–60 (Tex. Crim. App. 1999) (en banc). The Texas Court of Criminal Appeals has recognized that although aggravated robbery is an offense against property, the primary interest protected is "the security of the person from bodily injury or threat of bodily injury that is committed in the course of committing theft." *Id*. at 560 (citing *Chestnut v. State*, 567 S.W.2d 1, 2 (Tex. Crim. App. [Panel Op.] 1978)). To determine whether the common focus tends to indicate a single instance of conduct, we examine the "allowable unit of prosecution," which the Legislature has defined, and which determines whether one course of conduct results in more than one offense. *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006). "Usually analysis of an allowable unit of prosecution involves a situation in which two offenses from the same statutory section are charged, but the spirit behind the principle is fitting here." *Bigon*, 252 S.W.3d at 371–72. For assaultive offenses—like aggravated robbery and aggravated assault—the allowable unit of prosecution is each victim. *Hawkins*, 6 S.W.3d at 560. The common focus of each offense, coupled with the fact that the common focus indicates a single instance of conduct, suggests that the Legislature did not

12

intend to allow multiple punishments in this circumstance. *See McCrary*, 327 S.W.3d at 177–78 ("Because aggravated robbery is an assaultive offense, with the unit of prosecution being one victim (as is the case for aggravated assault), the common focus of each offense in conjunction with the fact that the common focus tends to indicate a single instance of conduct, are indicia of legislative intent not to permit multiple punishments in this circumstance.").

We also consider whether we can treat the elements that differ between the offenses as the "same" under an imputed theory of liability which would make the offenses the same under *Blockburger*. As already determined, the offenses differ in the elements of "bodily injury" and "serious bodily injury." The State pleaded aggravated robbery as causing bodily injury to Esquivel with a deadly weapon. This allegation does not include the element of serious bodily injury. *See* Tex. Penal Code § 29.03(3). In applying the cognate pleadings approach to lesser-included offenses for double jeopardy purposes, as we are required to do, we conclude that aggravated assault in this case is not a lesser-included offense of aggravated robbery.

"While double jeopardy precludes a defendant from being punished twice for the same offense, it does not prevent a second punishment for the same conduct. *E.g.*, *Blockburger*, 284 U.S. at 303–04 (holding two convictions for one sale of narcotics that violated two statutory provisions did not violate double jeopardy.)" *McCrary*, 327 S.W.3d at 178 (holding convictions for aggravated assault and aggravated robbery did not violate double jeopardy where aggravated assault charge required serious bodily injury, while aggravated robbery required only bodily injury). We conclude that Lopez's double jeopardy protections were not violated. Issue Two is overruled.

## IV. CONCLUSION

We affirm.

MARIA SALAS MENDOZA, Chief Justice

May 22, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)